## EXXON CORPORATION

v.

**Ronald Keith HALL, Alaster Forman, and J. E. John Hegel, dba Rxxon, Rxxon Group & Resources, Rxxon Investments, Rxxon Securities Fund.**

Civ. A. No. CA 3–79–0428–F.

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 18, 1979.

Thomas R. Schwarz, Fort Lauderdale, Fla., Patrick F. McGowan, Strasburger & Price, Dallas, Tex., for plaintiff.

Alaster A. M. Forman, pro se.

Ronald Keith Hall, pro se.

ROBERT W. PORTER, District Judge.

## ORDER

Came on before the Court the motion of Plaintiff EXXON Corporation for summary judgment, and the Court having considered the motion and briefs, exhibits and affidavits, is of the opinion that the motion should be and is hereby granted against Defendants Ronald Keith Hall and Alaster M. Forman.[1]

In this case, where trial is to be before the Court,[2] I have examined the facts present in the record before me and find them sufficient to form the factual basis required to hold that EXXON Corporation is entitled to judgment as a matter of law. In so doing, I conclude that the Defendants' use of RXXON is a colorable imitation of EXXON and as such infringes upon the Plaintiff's statutory registration of EXXON. Although the Defendants have not raised any substantial issue as to secondary meaning achieved by EXXON, I make the finding, obvious from the record, that Plaintiff's use of EXXON at a time prior to any use by the Defendants of the word RXXON, achieved for it a secondary meaning deserving of trademark protection. Visual and phonetic comparison of the two names reveals a close similarity such as to demand an inference that the public has been or is likely to be confused, misled or deceived by the Defendants' use of RXXON so as to erroneously believe that Defendants' businesses have been or are in some way associated, connected with, sponsored by or approved by the Plaintiff. *See Rolls-Royce Motors, Ltd. v. A&A Fiberglass, Inc.,* 428 F.Supp. 689 (N.D.Ga.1976).

The Plaintiff is entitled to judgment as a matter of law pursuant to Rule 56, F.R. Civ.P. *Beef/Eater Restaurants, Inc. v. James Burrough Ltd.,* 398 F.2d 637 (5th Cir. 1968). Therefore, Plaintiff's attorneys may submit an appropriate judgment of injunction, such being understood not to contain any claim for damages or attorney's fees.

So ORDERED this eighteenth day of September, 1979.

---

1. On August 21, 1979, judgment of injunction by consent was effected against Defendant John Hegel.

2. On August 28, 1979, Defendant Ronald Keith Hall filed a request for jury trial in this cause. Because the request is untimely pursuant to Rule 38, F.R.Civ.P., and in light of this order, the motion is therefore denied.